## UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**KARL CHRISTOPHER FORTENBERRY**                    **CIVIL ACTION**

**versus**                                                              **NO. 13-0182**

**ROBERT TANNER, CCE, WARDEN**                    **SECTION: "A" (3)**

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  See 28 U.S.C. § 2254(e)(2).  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE** as untimely.

Petitioner, Karl Christopher Fortenberry, is a state prisoner incarcerated at the B.B. "Sixty" Rayburn Correctional Center, Angie, Louisiana.  On June 6, 2008, he was convicted of

possession of cocaine under Louisiana law.[1]  On October 13, 2008, he was found to be a fourth offender and was sentenced as such to a term twenty-five years imprisonment without benefit of probation, parole, or suspension of sentence.[2]  On October 23, 2009, the Louisiana First Circuit Court of Appeal affirmed his conviction, habitual offender adjudication, and sentence.[3]  The Louisiana Supreme Court then denied his related writ application on May 21, 2010.[4]

On or after January 12, 2012, petitioner filed an application for post-conviction relief with the state district court.[5]  That application was denied on March 12, 2012.[6]  His related writ

---

[1]  State Rec., Vol. II of IV, transcript of June 6, 2008; State Rec., Vol. I of IV, minute entry dated June 6, 2008; State Rec., Vol. I of IV, jury verdict form.

[2]  State Rec., Vol. II of IV, transcript of October 13, 2008; State Rec., Vol. I of IV, minute entry dated October 13, 2008; State Rec., Vol. I of IV, Reasons for Judgment dated November 21, 2008.

[3]  State v. Fortenberry, No. 2009 KA 0504, 2009 WL 3452112 (La. App. 1st Cir. Oct. 23, 2009); State Rec., Vol. III of IV.

[4]  State v. Fortenberry, 36 So. 3d 228 (La. 2010) (No. 2009-KO-2573); State Rec., Vol. III of IV.

[5]  State Rec., Vol. III of IV.  The United States Fifth Circuit Court of Appeals has held that federal habeas courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana prisoner's pro se state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system."  Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006).  That date cannot be gleaned with certainty with respect to this state post-conviction application; however, petitioner signed the application on January 12, 2012, and so it could not have been placed in the mail system any earlier than that date.

[6]  State Rec., Vol. III of IV, Judgment and Reasons for Judgment dated March 12, 2012.

applications were likewise denied by the Louisiana First Circuit Court of Appeal on July 2, 2012,[7]

and by the Louisiana Supreme Court on November 16, 2012.[8]

On or after January 10, 2013, petitioner filed the instant federal application for

*habeas corpus* relief.[9]  The state argues that the application is untimely.[10]  The state is correct.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally

requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his

underlying criminal judgment becomes "final."  28 U.S.C. § 2244(d)(1)(A).[11]  On that point, the

United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas
> petition challenging a state conviction begins to run on "the date on
> which the [state] judgment became final by the conclusion of direct
> review or the expiration of the time for seeking such review."  28
> U.S.C. § 2244(d)(1)(A).  When a habeas petitioner has pursued relief
> on direct appeal through his state's highest court, his conviction
> becomes final ninety days after the highest court's judgment is

---

[7] State v. Fortenberry, No. 2012 KW 0651 (La. App. 1st Cir. July 2, 2012); State Rec., Vol. III of IV.

[8] State *ex rel.* Fortenberry v. State, 102 So.3d 36 (La. 2012) (No. 2012-KH-1784); State Rec., Vol. III of IV.

[9] Rec. Doc. 1. "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court."  Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003).  The record does not reflect when that occurred in this case; however, because petitioner dated his federal application on January 10, 2013, it could not have been delivered to officials for mailing any earlier than that date.

[10] Rec. Docs. 10 and 11.

[11] Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

> entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court.  Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003).

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008).

The Louisiana Supreme Court denied petitioner's writ application on direct review on May 21, 2010. Accordingly, for AEDPA purposes, his state criminal judgment became final, and his federal limitations period therefore commenced, on August 19, 2010. See id. at 317-18. That limitations period then expired one year later on August 19, 2011, unless the deadline was extended through tolling.

The Court first considers statutory tolling.  Regarding the statute of limitations, the AEDPA expressly provides:  "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). However, petitioner had no such applications pending at any time during the applicable one-year period.  Therefore, he is not entitled to any statutory tolling credit under 28 U.S.C. § 2244(d)(2).[12]

The Court must next consider equitable tolling.  The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling.  Holland v. Florida, 130 S.Ct. 2549, 2560 (2010).  That said, "a petitioner is entitled to equitable tolling only

---

[12]  The Court notes that petitioner subsequently filed a state post-conviction application on or after January 12, 2012.  However, because that application was filed *after* the expiration of the federal statute of limitations, it had no bearing on the timeliness of his federal application. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000).  Simply put, once the federal limitations period expired, "[t]here was nothing to toll."  Butler, 533 F.3d at 318.

if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (internal quotation marks omitted); see also Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). In the instant case, petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

In that petitioner is entitled to neither statutory nor equitable tolling, his federal application for *habeas corpus* relief had to be filed on or before August 19, 2011, in order to be timely. Because his federal application was not filed until on or about January 10, 2013, it is untimely.

### RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Karl Christopher Fortenberry be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[13]

New Orleans, Louisiana, this third day of May, 2013.

<u>Daniel E. Knowles, III</u>
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[13] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.